UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-3019(DSD/FLN)

Brotherhood of Maintenance of
Way Employees Division/IBT,

        Plaintiff,

v.                                      **ORDER**

Soo Line Railroad Company,

        Defendant.

    Charles A. Collins, Esq., 410 Main Street, Suite 410, St. Paul, MN 55102 and Richard S. Edelman, Esq., and O'Donnell, Schwartz & Anderson, PC, 1300 L Street N.W., Suite 1200, Washington, D.C. 20005, counsel for plaintiff.

    Amy B. Conway, Esq., Richard W. Pins, Esq. and Leonard, Street and Deinard, P.A., 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, counsel for defendant.

    This matter is before the court upon the motions for summary judgment by plaintiff Brotherhood of Maintenance of Way Employees Division/IBT (BMWED) and defendant Soo Line Railroad Company (Soo Line). Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion of Soo Line.

## BACKGROUND

In this arbitration dispute, BMWED is a representative and Soo Line is a carrier as defined in Section 1 of the Railway Labor Act (RLA), 45 U.S.C. § 151. BMWED and Soo Line are parties to a collective bargaining agreement (CBA). Rule 16 of the CBA states:

> (c) An employe who desires a leave of absence must secure permission from the proper officer. An absence of less than five (5) working days due to serving on committees, personal injury, sickness of an employe or his immediate family does not require a leave of absence. However, said employe shall notify his immediate supervisor as soon as practical.
>
> ...
>
> (e) An employe who fails to report for duty at the expiration of leave of absence; will forfeit all seniority rights except when failure to report on time is the result of unavoidable delay, in which case the leave will be extended to include such delay.
>
> ...
>
> (g) Without just cause, employes who fail to secure a leave of absence as specified in previous sections (a), (b), (c), (d), (e) and (f) will forfeit all seniority rights.

Edelman Decl. Ex. 2, ECF No. 17-2, at 23-24. Rule 20 states:

> (a) An employe ... will not be disciplined or dismissed without a fair and impartial hearing and shall be advised in writing of the specific charges .... An employe who considers himself unjustly treated shall be given a fair and impartial hearing provided that the request for a hearing is made in writing to the designated Company officer within twenty (20) days from the date of the incident ....

>      (c) An employe dissatisfied with a decision
>      shall have the right of appeal. Appeals will
>      be handled in accordance with Rule 21.

ECF No. 16-2, at 2-3.

On November 18 and 28, 2005, Soo Line informed BMWED member Michael Conzet that he had failed to protect his seniority under Rule 16. Thereafter, BMWED requested an unjust-treatment hearing; Soo Line did not provide a hearing. On January 14, 2006, BMWED filed a grievance with Soo Line, claiming that it had violated Rules 16 and 20 of the CBA. On-property resolution was unsuccessful, and the grievance was referred to the Third Division of the National Railroad Adjustment Board (Board).

On May 14, 2010, the Board issued an award in favor of Soo Line. The Board first found that "[t]his Division of the Adjustment Board has jurisdiction over the dispute involved herein." Edelman Decl. Ex. 1, at 2. The Board detailed BMWED's claims under Rules 16 and 20, id. at 1-3, and then stated:

>      After careful review of this lengthy
>      record, the Board finds that there is a
>      threshold procedural issue which determines
>      the outcome in this case. Even if the
>      Claimant and the Organization had the right to
>      present a request for an Unjust Treatment
>      Hearing under Rule 20, there was no timely
>      request under that Rule.

Id. at 3. The Board concluded that the request was untimely based on the alleged Rule 16 violation on November 18, 2005, and determined that "the claim must be dismissed on that basis." Id. at 4. The labor member of the Board dissented, arguing that

3

dismissal was improper because Rule 20 has no bearing on the Rule 16 claim.

On July 10, 2010, BMWED petitioned the court to review and vacate the arbitration award. The parties filed cross motions for summary judgment, and the court heard oral argument on May 20, 2011. The court now considers the motions.

## DISCUSSION

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists — or cannot exist — about a material fact must cite

"particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of his claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. <u>Celotex</u>, 477 U.S. at 322-23.

"Judicial review of a labor-arbitration decision ... is very limited. Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision ... misinterprets the parties' agreement." <u>Duluth Missabe & Iron Range Ry. Co. v. Int'l Bhd. of Locomotive Eng'rs, AFL-CIO 000-101</u>, 264 F.3d 782, 784 (8th Cir. 2001). The standard of review is "among the narrowest known to the law." <u>McClendon v. Union Pac. R. Co.</u>, 640 F.3d 800, 803 (8th Cir. 2011) (citation omitted). "As long as the arbitrator is arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." <u>Bhd. of Maint. of Way Employees v. Soo Line R. Co.</u>, 266 F.3d 907, 910 (8th Cir. 2001) (citation omitted).

The court may set aside or remand the award only "for failure of the division to comply with the requirements of [the RLA], for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order." 45

U.S.C. § 153 First (q); Union Pac. R. Co. v. Sheehan, 439 U.S. 89, 99 (1978).  In short, the court will not overturn an award that "draws its essence from the collective bargaining agreement." United Steelworkers of Am. v. Enterpr. Wheel & Car Corp., 363 U.S. 593, 597 (1960).

As an initial matter, this is not a case like Union Pacific Railroad Co. v. Brotherhood of Locomotive Engineers & Trainmen General Committee of Adjustment, Central Region, 130 S. Ct. 584 (2009), where the Board held that it lacked jurisdiction.  The award shows that the Board expressly exercised jurisdiction over all of BMWED's claims.  Therefore, the argument that it failed to conform to and comply with the requirements of the RLA fails.

BMWED argues that the Board failed to apply the language of the CBA in its decision.  The court disagrees.  Immediately after discussing the Rule 16 claim, the Board determined that there was "a threshold procedural issue which determines the outcome in this *case*." (emphasis added).  The Board then determined that "[e]ven if the Claimant and the Organization had the right to present a request for an Unjust Treatment Hearing under Rule 20, there was no timely request under that Rule."[1]  The Board used the date of the alleged Rule 16 violation to start the Rule 20 clock.  As a result, a plain reading of the award shows that the Board interpreted the

---

[1] The parties do not appeal the finding that BMWED's Rule 20 request was untimely.

CBA in this case to require a timely Rule 20 challenge to the alleged Rule 16 violation.

The interpretation of the Board is neither contrary to the CBA nor does it render Rule 21 superfluous. It does not add terms to the CBA. Rule 20 expressly grants employees the right to request and receive "a fair and impartial hearing" subject to "the right of appeal ... in accordance with Rule 21." The parties did not provide a right of appeal in Rule 16. As a result, the Board was "arguably construing" the CBA, and its decision "draws its essence" from the language of the CBA. Therefore, setting aside or remanding the award is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion for summary judgment by BMWED [ECF No. 10] is denied; and

2. The motion for summary judgment by Soo Line [ECF No. 14] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 6, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court